UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DEBORAH VOSS,

                            Plaintiff,

        -against-                                          5:15-cv-0232 (LEK/TWD)

BANK OF AMERICA, N.A. *et al.*,

                            Defendants.
_____

### MEMORANDUM-DECISION and ORDER

## I.    INTRODUCTION

This consumer protection action returns to the Court on Defendants Bank of America,

N.A.'s ("Bank of America") and OCWEN Loan Servicing, LLC's ("OCWEN") Motion for

reconsideration of the Court's Memorandum-Decision and Order dated December 30, 2015.[1]  Dkt.

Nos. 31 ("December Order"); 34 ("Motion-Reconsideration"); 34-1 ("Memorandum-

Reconsideration").  Plaintiff Deborah Voss ("Plaintiff") has filed a Response in opposition.  Dkt.

No. 42 ("Opposition-Reconsideration").  In addition, Plaintiff has filed a Motion to amend the

Complaint.  Dkt. Nos. 40 ("Motion-Amend"); 40-3 ("Memorandum-Amend").  Bank of America

filed a Response in opposition to Plaintiff's Motion to amend, and OCWEN joined in the Response.

Dkt. Nos. 46 ("Bank of America Opposition-Amend"); 47 ("OCWEN Opposition-Amend").  For

the following reasons, Defendants' Motion is granted in part and denied in part, and Plaintiff's

Motion is granted.

_____

[1] On January 15, 2016, OCWEN filed a Notice indicating that it intended to join Bank of
America's Motion for reconsideration.  Dkt. No. 36.

## II.    BACKGROUND

The Court assumes the parties' familiarity with the facts and history of this case and recites

only those facts necessary to the resolution of the pending Motions.  For further background,

reference is made to the December Order.

Plaintiff commenced this action against Defendants alleging various causes of action relating

to Defendants' servicing and modification of Plaintiff's home mortgage.  See Dkt. No. 1

("Complaint").  On December 30, 2015, the Court granted in part and denied in part Defendants'

Motion to dismiss.  Dec. Order.  The Court dismissed Plaintiff's breach of contract, tortious

interference with contract, negligent denial of Home Affordable Modification Program ("HAMP")

applications, Truth in Lending Act ("TILA"), and Real Estate Settlement Procedures Act

("RESPA") claims on the basis that Plaintiff failed to state a claim for these causes of action.  Id.

The Court denied Defendants' Motion with respect to Plaintiff's claim for breach of the implied

covenant of good faith and fair dealing, her claim that she is a third-party beneficiary of Bank of

America's obligations under HAMP, and her claim under New York General Business Law § 349.

Id.

## III.    MOTION FOR RECONSIDERATION

### A.  Legal Standard

A motion for reconsideration may be granted where there is "an intervening change of

controlling law, the availability of new evidence, or the need to correct a clear error or prevent a

manifest injustice."  Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers &

Lybrand, LLP, 322 F.3d 147, 167 (2d Cir. 2003) (quoting Virgin Atl. Airways, Ltd. v. Nat'l

Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)).  "The standard for granting a motion for

reconsideration 'is strict and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" Advanced Fiber Techs. Tr. v. J&L Fiber Servs., Inc., 751 F. Supp. 2d 348, 382-83 (N.D.N.Y. 2010) (Kahn, J.) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). "[R]econsideration 'should not be granted where the moving party seeks solely to relitigate an issue already decided.'" Id. at 383 (quoting Shrader, 70 F.3d at 257).

### B. Discussion

#### 1. Third-Party Beneficiary to SPAs

Defendants argue that the denial of their Motion to dismiss Plaintiff's third-party beneficiary claim was clear error of law. Mot.-Recon. at 2. In support of their position, Defendants cite to the United States Supreme Court's decision in Astra USA, Inc. v. Santa Clara County, 563 U.S. 110, 117-18 (2011). In Astra, the Court held that health care facilities covered under § 340B of the Public Health Services Act could not sue as third-party beneficiaries of drug-price ceiling contracts between the government and pharmaceutical companies because Congress did not create a private right of action under the Act. Id.

Several courts have relied on Astra to foreclose claims by homeowners seeking to recover as third-party beneficiaries of service participation agreements ("SPAs") between loan servicers and the government based on the theory that Congress did not create a private right of action under HAMP. See Wigod v. Wells Fargo Bank, N.A., 673 F.3d 547, 559 n.4 (7th Cir. 2012) ("Here, too, Congress did not create a private right of action to enforce the HAMP guidelines, and since Astra, district courts have correctly applied the Court's decision to foreclose claims by homeowners

3

seeking HAMP modifications as third-party beneficiaries of SPAs."); see also Vuyyuru v. Wells Fargo Bank, N.A., No. 15-CV-598, 2016 WL 356087, at *3 (E.D. Va. Jan. 28, 2016) (granting motion to dismiss plaintiff's claim as third-party beneficiary to SPA); Boyd v. U.S. Bank, N.A., ex rel. Sasco Aames Mortg. Loan Tr., Series 2003-1, 787 F. Supp. 2d 747, 757 (N.D. Ill. 2011) (same); Villa v. Wells Fargo Bank, N.A., No. 10-CV-81, 2010 WL 935680, at *2-3 (S.D. Cal. Mar. 15, 2010) (same); Escobedo v. Countrywide Home Loans, Inc., No. 09-cv-1557, 2009 WL 4981618, at *2 (S.D. Cal. Dec. 15, 2009) (same).  Although Defendants did not cite Astra in their initial Motion to dismiss, the Court finds that the Supreme Court's reasoning in Astra is controlling and therefore forecloses Plaintiff's claim that she is an intended third-party beneficiary of HAMP.  To ignore the Court's holding in Astra would amount to clear error.  Accordingly, Defendants' Motion for reconsideration is granted and Plaintiff's third-party beneficiary claim is dismissed.

### 2. *Breach of the Covenant of Good Faith and Fair Dealing*

Defendants argue that the Court erred in denying their Motion to dismiss Plaintiff's claim for an alleged breach of the implied covenant of good faith and fair dealing.  Mem.-Recon. at 6.  Defendants contend that the Court overlooked their arguments in support of dismissing Plaintiff's breach of the implied covenant of good faith and fair dealing claim.  Id.  The Court notes that it did overlook these arguments when ruling on the Motion to dismiss and thus will consider them now.

Defendants argue that Plaintiff's claim must fail because her breach of the implied covenant of good faith claim is duplicative of her breach of contract claim.  Dkt. No. 17 ("Bank of America Motion-Dismiss") at 6.  However, the Court dismissed Plaintiff's breach of contract claim on the basis that Plaintiff failed to identify a specific contractual provision that was allegedly breached by Defendants.  Dec. Order at 14.  Unlike a breach of contract claim, which requires a plaintiff to

identify the specific contractual provision allegedly breached, see Paul v. Bank of Am. Corp., No. 09-CV-1932, 2011 WL 684083, at *5 (E.D.N.Y. Feb. 14, 2011), the covenant of good faith and fair dealing applies to the contract as a whole, see Orange Cty. Choppers, Inc. v. Olaes Enter., Inc., 497 F. Supp. 2d 541, 559 (S.D.N.Y. 2007).  "In most circumstances, claims for breach of contract and the covenant of good faith and fair dealing are duplicative; however, in some cases 'a party may be in breach of its implied duty of good faith and fair dealing even if it is not in breach of its express contractual obligations.'"  Echostar DBS Corp. v. Gemstar-TV Guide Int'l, Inc., No. 05 Civ. 8510, 2007 WL 438088, at *7 (S.D.N.Y. Feb. 8, 2007) (quoting Chase Manhattan Bank v. Keystone Distrib., Inc., 873 F. Supp. 808, 815 (S.D.N.Y. 1994)).  Therefore, Defendants' argument that Plaintiff's breach of the covenant of good faith and fair dealing claim should be dismissed as duplicative of her breach of contract claim is unpersuasive.

    In their Motion for reconsideration, Defendants argue that the allegations in the Complaint amount to "frustration experienced by Plaintiff after her loan went into default," rather than stating a claim for breach of the implied covenant of good faith and fair dealing.  Mem.-Recon. at 8.  In support of their argument, Defendants rely on Gorbaty v. Wells Fargo Bank, N.A., No. 10-CV-3291, 2012 WL 1372260, at *20 (E.D.N.Y. Apr. 18, 2012), and Costigan v. CitiMortgage, Inc., No. 10 Civ. 8776, 2011 WL 3370397, at *8 (S.D.N.Y. Aug. 2, 2011), where claims for breach of the covenant of good faith and fair dealing were dismissed because the plaintiffs pleaded only general allegations that the lenders failed to adequately perform their responsibilities.

    Contrary to Gorbaty and Costigan, the Court finds that Plaintiff's breach of the covenant of good faith and fair dealing is supported by several factual allegations suggesting that Defendants' conduct had the effect of "destroying or injuring the right of [Plaintiff] to receive the fruits of the

contract." Kirke La Shelle Co. v. Armstrong Co., 188 N.E. 163, 167 (N.Y. 1933).  Plaintiff has

pleaded dozens of allegations suggesting that Defendants repeatedly ignored her requests for

clarification, refused to remedy perceived errors with her account, made changes to her account

without her permission, and were generally unresponsive to her requests.  At the motion to dismiss

stage, Plaintiff has met her burden of alleging that Defendants acted in bad faith and abused their

discretion in the servicing of her mortgage.  See Leghorn v. Wells Fargo Bank, N.A., 950 F. Supp.

2d 1093, 1120 (N.D. Cal. 2013) ("[T]he Plaintiffs here have stated a claim under the implied

covenant that Defendants abused this discretion by acting in bad faith and outside the reasonable

expectations of the parties. Whether Defendants' acts were done in bad faith and not within the

reasonable expectations of the parties is a question of fact that cannot be decided at the pleading

stage.").  Accordingly, Defendants' Motion for reconsideration of Plaintiff's breach of the covenant

of good faith and fair dealing claim is denied.

## IV.    MOTION TO AMEND

### A. Legal Standard

Generally, a party may amend its pleading once as of right.  FED. R. CIV. P. 15(a)(1).  Once

an as-of-right amendment becomes unavailable, a party may amend only with the consent of the

opposing party or with leave of the court.  FED. R. CIV. P. 15(a)(2).  Leave to amend a pleading

should be "freely given when justice so requires."  Id.  District courts are vested with broad

discretion to grant a party leave to amend, and should deny such a request only in the face of undue

delay, bad faith, undue prejudice to the non-movant, futility of amendment, or where the movant has

repeatedly failed to cure deficiencies in previous amendments.  Foman v. Davis, 371 U.S. 178, 182

(1962); SCS Commc'n, Inc. v. Herrick Co., 360 F.3d 329, 345 (2d Cir. 2004).  "The party opposing

a motion for leave to amend has the burden of establishing that granting such leave would be unduly prejudicial." Media Alliance v. Mirch, No. 09-CV-659, 2010 WL 2557450, at *2 (N.D.N.Y. June 24, 2010) (Kahn, J.) (quoting New York v. Panex Indus., No. 94-CV-0400, 1997 WL 128369, at *2 (W.D.N.Y. Mar. 14, 1997)).

### B. Discussion

#### 1. New York General Business Law § 349

In the December Order, the Court granted Plaintiff's request to file a motion to amend her claim under New York General Business Law § 349 within thirty days. Dec. Order at 13. In doing so, the Court rejected Defendants' argument that allowing leave to amend would be futile. Id. Instead, the Court found that allowing Plaintiff to amend the Complaint would not be futile as long as Plaintiff "can show that Defendants were operating under a systemic policy that applied generally to all consumers." Id. On January 29, 2016, Plaintiff filed a Proposed Amended Complaint, and Bank of America filed a Response arguing again that Plaintiff's Motion should be denied as futile. Dkt. No. 40-2 ("Amended Complaint"); Bank of America Opp'n-Amend at 2. Bearing in mind that all reasonable inferences must be drawn in Plaintiff's favor, the Court concludes that the Section 349 allegations in Plaintiff's Proposed Amended Complaint are sufficient to grant the Motion for leave to amend.

Claims under Section 349 are subject to a three-year statute of limitations, which runs from the time that a plaintiff is injured by the actions alleged to have violated the statute. See Statler v. Dell, Inc., 841 F. Supp. 2d 642, 648 (E.D.N.Y. 2012) ("Actions brought pursuant to Section 349 must be commenced within three years of the date of accrual, which occurs when plaintiff is injured by the deceptive act or practice that violates the statute."). Here, the date of accrual is unknown

because the exact dates of Plaintiff's injuries are not identified in the Proposed Amended

Complaint.  To the extent that Plaintiff's allegations are related to injuries suffered more than three

years before the filing of the present action, Plaintiff's claims are time-barred.

To state a claim under Section 349, "a plaintiff must demonstrate that (1) defendant's

deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the

plaintiff has been injured as a result." Maurizio v. Goldsmith, 230 F.3d 518, 521 (2d Cir. 2000).

### a.  Consumer-Oriented Conduct

"Consumer-oriented conduct is 'conduct that potentially affects similarly situated

consumers.'" Arroyo v. PHH Mortg. Corp., No. 13-CV-2335, 2014 WL 2048384, at *10 (E.D.N.Y.

May 19, 2014) (quoting Kapsis v. Am. Home Mortg. Servicing Inc., 923 F. Supp. 2d 430, 449

(E.D.N.Y. 2013).  Private contract disputes that are unique to the parties "[do] not fall within the

ambit of [Section 349]." Id. (alterations in original) (quoting Oswego Laborers' Local 214 Pension

Fund v. Marine Midland Bank, N.A., 647 N.E.2d 741, 744 (N.Y. 1995)).  Consumer-oriented "acts

or practices must have a broad impact on consumers at large." N.Y. Univ. v. Cont'l Ins. Co., 662

N.E.2d 763, 770 (N.Y. 1995).

Section 349 applies not only to "extensive marketing scheme[s]" directed at the public,

Gaidon v. Guardian Life Ins. Co. of Am., 725 N.E.2d 598, 603 (N.Y. 1999), but also to conduct

constituting "a standard or routine practice that [is] 'consumer-oriented in the sense that [it]

potentially affect[ed] similarly situated consumers,'" N. State Autobahn, Inc. v. Progressive Ins.

Grp. Co., 953 N.Y.S.2d 96, 101 (App. Div. 2012) (alterations in original) (quoting Oswego, 647

N.E.2d at 745); see also Ural v. Encompass Ins. Co. of Am., 948 N.Y.S.2d 621, 625 (App. Div.

2012) (finding the plaintiff stated a cognizable claim under Section 349 by alleging a general

8

practice of inordinately delaying the settlement of insurance claims);  Elacqua v. Physicians'
Reciprocal Insurers, 860 N.Y.S.2d 229, 231 (App. Div. 2008) (a routine practice of failing to inform
consumers of their right to select independent counsel was sufficiently consumer-oriented to support
a finding that defendant violated Section 349); Makuch v. N.Y. Cent. Mut. Fire Ins. Co., 785
N.Y.S.2d 236 (App. Div. 2004) (allegations of consumer-oriented conduct were sufficient where
defendant was accused of regularly using the same misleading insurance policy forms).

      In the Proposed Amended Complaint, Plaintiff's allegations of consumer-oriented practices
are sufficient to state a claim under Section 349.  Plaintiff alleges that at least five servicing officers
assigned to her loan followed the same practice of discussing Plaintiff's loan over the phone,
encouraging her to apply for a loan modification based on their conversation, and then denying the
modification application due either to "missing documents" that Plaintiff alleges were in fact
provided or for other reasons that were inconsistent with the representations servicing officers made
to Plaintiff during their telephone conversations.  Id. ¶ 74.  Plaintiff contends that since her
experiences with multiple servicing officers were identical over a six-year period, she believes that
Defendants' conduct was the result of Defendants' standard practice, training, and policies regarding
the servicing of delinquent loans.  Id. ¶ 75.  Plaintiff asserts that she believes Defendants' policies
and systems were targeted at similarly situated consumers who were delinquent on their mortgages.
Id. ¶ 77.  Plaintiff also alleges that Defendants intentionally sent consumers form letters that were
designed to confuse delinquent borrowers, to deter them from pursuing their legal rights, to frustrate
their ability to obtain loan modifications, and to prevent them from being able to correct errors in
their loans.  Id. ¶ 78.

      There have been a series of cases in New York's federal district courts in which plaintiffs

have alleged that mortgagees engaged in similarly deceptive loan modification practices.  One line of cases found that the plaintiffs' allegations stated a claim of consumer-oriented conduct for the purposes of Section 349.  Harte v. Ocwen Fin. Corp., No. 13-CV-5410, 2014 WL 4677120 (E.D.N.Y. Sept 19, 2014); see also Dumont v. Litton Loan Servicing, LP, No. 12-cv-2677, 2014 WL 815244, at *10 (S.D.N.Y. Mar. 3, 2014) (finding that the plaintiffs adequately alleged a consumer-oriented practice where the defendant "knowingly maintained a loan modification process that was riddled with flaws and systematically assess[ed] fees and increased borrowers principle balances"); Arroyo, 2014 WL 2048384, at *11 (E.D.N.Y. May 19, 2014) (allegations of a policy of misleading customers and a loan modification program that was a "ruse" were sufficient to state a claim of consumer-oriented conduct); Pandit v. Saxon Mortg. Servs., Inc., No. 11-CV-3935, 2012 WL 4174888, at *6 (E.D.N.Y. Sept. 17, 2012) (finding plaintiffs stated a claim of consumer-oriented activity where "defendant routinely asks homeowners to resubmit financial information on pretextual grounds" and "misleads homeowners over the phone").

Conversely, a second group of cases found that plaintiffs' claims related to allegedly deceptive loan modification programs were private contractual disputes that did not implicate the consuming public at large.  While this second group of cases may be at odds with some of the aforementioned cases that found consumer-oriented conduct, they are distinguishable from the case at bar.  In two of the cases, the plaintiffs failed even to generally allege consumer-oriented conduct. See Miller v. HSBC Bank U.S.A., N.A., No. 13 Civ. 7500, 2015 WL 585589, at *8 (S.D.N.Y.  Feb. 11, 2015) ("Miller cannot maintain a claim under GBL § 349 because she has not alleged damage to the consuming public at large."); Knox v. Countrywide Bank, 4 F. Supp. 3d 499, 511 (E.D.N.Y. 2014) (dismissing plaintiffs' Section 349 claim because "plaintiffs make no allegations about

10

Countrywide's broader practices"). In other cases, the plaintiffs made allegations of consumer-oriented activity that were entirely conclusory or speculative, and they therefore failed to state a claim under Section 349. See Kilgore v. Ocwen Loan Servicing, LLC, 89 F. Supp. 3d 526, 536 (E.D.N.Y. 2015) ("[T]he conclusory allegations of generalized consumer injury here are insufficient to support a plausible Section 349 claim."); Yanes v. Ocwen Loan Servicing, LLC, No. 13-CV-2343, 2015 WL 631962, at *5 (E.D.N.Y. Feb. 12, 2015) ("Although Yanes speculates that other consumers were treated similarly to him, he does not allege any facts to support that assertion.").

Here, Plaintiff alleges practices and routines affecting consumers at large, and she provides some non-conclusory bases for her allegations. In order to state a claim under Section 349, a plaintiff must allege deceptive loan modifications that are routine and widespread and that affect consumers at large. Plaintiff's allegations—including that she had the same experience with at least five servicing officers over multiple years, and that she received deceptive form letters in the mail—allow a sufficient inference so as to state a claim of consumer-oriented conduct under Section 349. Thus, the Court finds that Plaintiff's allegations of consumer-oriented conduct survive a motion to dismiss. "The battle over whether plaintiff can meet her obligation of a 'threshold showing that [her] claim was predicated upon a deceptive act or practice that was consumer oriented' is best reserved for a motion for summary judgment after discovery." Skibinsky v. State Farm Fire & Cas. Co., 775 N.Y.S.2d 200, 201-02 (App. Div. 2004) (alteration in original) (quoting Egan v. N.Y. Care Plus Ins. Co., 716 N.Y.S.2d 430 (App. Div. 2000)).

### b. Materially Misleading Acts

In order to satisfy the second prong of a Section 349 claim, a plaintiff must allege that the defendant engaged in "an act or practice that is deceptive or misleading in a material way."

Oswego, 647 N.E.2d at 744.  A misrepresentation is materially misleading if it is "likely to mislead a reasonable consumer acting reasonably under the circumstances." Id. at 745.  As discussed above, Plaintiff alleges that Defendants engaged in unfair and deceptive practices, including intentionally misplacing documents, pretextually denying loan modification applications, and misleading Plaintiff over the phone.  Am. Compl. ¶¶ 43, 58-60, 74.  Under New York's reasonable consumer standard, Plaintiff has plausibly alleged that Defendants engaged in materially misleading practices.

Defendants argue that Plaintiff's Section 349 claim should be dismissed because the allegations of deceptive practices are really just an attempt to circumvent the lack of a private action under HAMP.  Bank of America Opp'n-Amend at 3.  According to Defendants, "Plaintiff's proposed claim, which challenges Defendants' review of HAMP loan modification applications constitutes an impermissible end run around the absence of a private right of action under HAMP." Id.  Indeed, a plaintiff may not use violations of HAMP rules as the basis of a Section 349 claim. Seller v. Citimortgage, Inc., 988 N.Y.S.2d 32, 34 (App. Div. 2014).  However, a plaintiff may still maintain a cause of action under Section 349 if, as in this case, the allegations of deceptive business practices do not depend upon the existence of HAMP rules and directives.

### c.  Injury

The third prong of a Section 349 claim requires an allegation that Defendants' materially misleading conduct resulted in an injury to Plaintiff.  Although a plaintiff is not required to allege an intent to defraud, a plaintiff "must show that defendant's 'material deceptive act' caused the injury." Stutman v. Chemical Bank, 731 N.E.2d 608, 613 (N.Y. 2000).  Here, Plaintiff alleges that Defendants have improperly charged excessive fees and have miscalculated her equity.  Am. Compl. ¶¶ 65-66.  "[T]he loan's balance continues to be improperly computed at near $300,000 due to

improper fees that were assessed as well as continuing servicing errors." Id. ¶ 67.  Plaintiff has

sufficiently alleged injury for the purposes of her Section 349 claim.

**V.      CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Defendants' Motion (Dkt. No. 34) for reconsideration is **GRANTED in**

**part** as to Plaintiff's claim that she is a third-party beneficiary of Bank of America's obligations

under HAMP, and **DENIED in part** as to Plaintiff's breach of the implied covenant of good faith

and fair dealing claim; and it is further

**ORDERED**, that Plaintiff's Motion (Dkt. No. 40) to amend the Complaint is **GRANTED**;

and it is further

**ORDERED**, that the Proposed Amended Complaint (Dkt. No. 40-2) is now the operative

pleading in this action; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and

Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:      July 08, 2016
            Albany, New York

Lawrence E. Kahn
U.S. District Judge

13